UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PERRIN TAYLOR,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-1647-P |
| VERSUS | CHIEF JUDGE DRELL |
| LT. JOE JACKSON,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Perrin Taylor ("Taylor") (#339820), who is proceeding *in forma papueris*. (Doc. 7). Taylor is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Taylor complains that his constitutional rights were violated when he was wrongfully convicted of a disciplinary violation and placed in administrative segregation. Taylor names Lt. Joe Jackson as Defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Taylor alleges that he was placed in administrative segregation on September 19, 2016, based on a false disciplinary report by Lt. Jackson. (Doc. 4, p. 3). Taylor also claims that unidentified officers at RLCC "trash" inmates' legal mail. (Doc. 1, p. 1).

II. Law and Analysis

    A. Taylor's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Taylor is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Taylor is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B. Taylor cannot state a Due Process claim.

In the disciplinary hearing context, a prisoner's rights are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

Taylor states that he was placed in administrative segregation as a result of his disciplinary conviction. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). The imposition of a restriction on commissary or recreation privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See Madison, 104 F.3d at 768; Sandin, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). Because his sanction does not implicate a protected liberty interest, Taylor cannot show that he is entitled to relief under § 1983.

      C.      <u>Taylor cannot state a constitutional claim related to his legal mail.</u>

A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. However, the inmate must allege that his right to access the courts has been denied. See Bounds v. Smith, 430 U.S. 817 (1977). The inmate must demonstrate actual prejudice or detriment from interference with legal mail, such as prejudice in missing a deadline on a non-frivolous claim, before there is a denial of access to the courts. See Ruiz v. United States, 160 F.3d 273 (5th Cir. 1998).

Taylor has not alleged that any officer violated his right to access the courts. Although Taylor claims that officers "trash" legal mail, Taylor has not alleged that he, personally, was prevented from sending or receiving legal mail. Taylor has not identified any injury from the alleged wrongdoing. Taylor has been able to file two new civil actions in this Court in a period of less than sixty days, and has responded to court orders. Thus, Taylor cannot show that he has been denied his right to access the courts.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Taylor's complaint be DENIED and DISMISSED with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge